UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RYAN JHAGROO,

      Plaintiff,

   - against -

CORRECTIONS OFFICER SHEANIQUA
CARTY, Shield Number 18161, and
CORRECTIONS OFFICER ROBIN
MCKINNEY, Shield Number 5425,

      Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-3416 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

  On June 5, 2017, Plaintiff Ryan Jhagroo ("Plaintiff") filed this *pro se* action against two correctional officers at the Anna M. Kross Center ("AMKC") on Rikers Island, Defendants Sheaniqua Carty and Robin McKinney (collectively, "Defendants"). (Complaint ("Compl."), Dkt. 1.) Pursuant to 42 U.S.C. § 1983, Plaintiff seeks to recover $120 million in damages for Defendants' alleged failure to protect Plaintiff from assaults by fellow inmates on April 28, 2017 and May 3, 2017 at the AMKC. (*Id.* at 4, 6–8.) Defendants seek to file a motion for summary judgment in light of, *inter alia*, the undisputed fact that Plaintiff did not pursue administrative remedies available at the AMKC prior to initiating this action.[1] (Defendants' Pre-Motion Conference Letter ("Defs.' PMC Letter"), Dkt. 36, at 2–3.) For the reasons that follow, the Court dismisses Plaintiff's claims against Defendants for failure to exhaust available administrative remedies.

---

[1] This is an affirmative defense that is properly resolved at the summary judgment stage. *See Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement."); *see also Dabney v. Pegano*, 604 F. App'x 1, 4–5 (2d Cir. 2015) (affirming a district court's grant of summary judgment based on the plaintiff's failure to exhaust administrative remedies).

## LEGAL STANDARDS

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion must be accomplished by following established procedures; merely alerting "prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion." *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (internal quotation marks and citation omitted); *see also id.* ("[N]otice alone is insufficient because the benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance . . . ." (brackets and quotation omitted)); *Johnson v. Killian*, 680 F.3d 234, 239 (2d Cir. 2012) (*per curiam*) (explaining that "generalized complaints regarding the conditions of an inmate's confinement" do not satisfy the PLRA's exhaustion requirement). Thus, if a plaintiff does not comply with available administrative procedures to file a formal grievance alleging that a correctional officer failed to protect him from assault by fellow inmates, the plaintiff has failed to exhaust administrative remedies and is barred by the PLRA from suing under § 1983. *See Wilson v. Keane*, No. 02-CV-5256 (DLC), 2003 WL 22132865, at *1 (S.D.N.Y. Sept. 16, 2003).

## DISCUSSION

The alleged assaults in this case occurred at the AMKC on Rikers Island. At the time of the alleged assaults on April 28, 2017 and May 3, 2017, inmates at facilities operated by the New York City Department of Correction ("NYC DOC") on Rikers Island were required to file

grievances through the NYC DOC's Inmate Grievance and Request Program ("IGRP"). N.Y.C. Dep't of Corr., Directive 3376 (effective Sept. 10, 2012), available at https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376_Inmate_Grievance_Request_Program.pdf. Because the IGRP's procedures are a matter of public record, the Court takes judicial notice of them. *See Rayside v. City of New York*, No. 17-CV-4447 (RA), 2019 WL 1115669, at *2 n.1 (S.D.N.Y. Mar. 11, 2019) (taking judicial notice of IGRP procedures).

Pursuant to Directive 3376, Plaintiff was required to complete an IGRP Statement Form, wherein he could describe his complaint that Defendants had failed to protect him from his fellow inmates, within ten business days of the April 28, 2017 and May 3, 2017 assaults. *See* Directive 3376 § IV(D)(1). If Plaintiff was dissatisfied with the IGRP staff's resolution of his grievance, he was entitled to request a formal hearing before the Inmate Grievance Resolution Committee. *See id.* § IV(G)(5)(b). Following that hearing, Plaintiff could have appealed his grievance to the commanding officer at the AMKC. *See id.* § IV(I). Finally, if Plaintiff was dissatisfied with the decision of the commanding officer, he could have submitted an appeal to the Central Office Review Committee, which operates with the advice and review of the New York City Board of Correction. *See id.* § (IV)(J); *see also Leneau v. City of New York*, No. 16-CV-893 (RA), 2018 WL 583120, at *2 (S.D.N.Y. Jan. 26, 2018). The PLRA requires Plaintiff to have exhausted all of these available procedures before filing a federal lawsuit under § 1983. *See Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).

It is undisputed that Plaintiff did not file a grievance with the IGRP complaining of Defendants' failure to protect him from assaults by fellow inmates on April 28, 2017 and May 3, 2017. (*Compare* Compl., Dkt. 1, at 2, 4, *with* Defs.' PMC Letter, Dkt. 36, at 3.) To justify this failure, Plaintiff stated in his complaint and on the record at the April 29, 2019 hearing that he did

not file an administrative grievance because, based on a past experience, he felt that such grievances were ineffective and that the AMKC was "unorganized," and because he had feared retaliation from fellow inmates. (*See* Compl., Dkt. 1, at 2, 4.) Despite Plaintiff's subjective belief that following the IGRP's established grievance procedures would have been futile and his fear of retribution, he was still required by the PLRA to pursue relief through those procedures before filing an action in federal court. *Mena v. City of New York*, No. 12-CV-28 (CM), 2014 WL 2968513, at *6 (S.D.N.Y. June 27, 2014) ("A prisoner's perception that the facility's grievance program was ineffective or that the filing of grievances was futile is insufficient to negate the PLRA's exhaustion requirement." (brackets and quotation omitted)); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Because it is undisputed that Plaintiff did not file any grievance based on the April 28, 2017 or May 3, 2017 assaults (*see* Compl., Dkt. 1, at 2; Defs.' PMC Letter, Dkt. 26, at 3), Plaintiff's claims must be dismissed for failure to exhaust the administrative remedies available to him at the AMKC.

## CONCLUSION

For the reasons stated above, this action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 29, 2019
       Brooklyn, New York